FILED
United States Court of Appeals
Tenth Circuit

April 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CALMAT CO.,

    Plaintiff,

v.

OLDCASTLE PRECAST, INC.,

    Defendant - Appellee,

v.

RUNE KRAFT,

    Defendant - Appellant,

and

KRAFT AMERICAS HOLDINGS, INC.;
KRAFT AMERICAS, L.P.; JOHN DOES
1-5,

    Defendants.

No. 17-2213
(D.C. No. 1:16-CV-00026-KG-JHR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MORITZ**, and **EID**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

This interpleader case arises from a writ of garnishment naming CalMat Co. as the garnishee and Kraft Americas, L.P. ("Kraft LP") as the judgment debtor. CalMat asked the district court to determine the proper recipient of royalty payments due under an agreement between its predecessor in interest—American Building Supply, Inc. ("ABS")—and Kraft LP. CalMat named the following defendants: Rune Kraft; Kraft LP; Kraft Americas Holding, Inc. ("KAHI"); Oldcastle Precast, Inc. ("Oldcastle"); and John Does 1-5. The district court dismissed Mr. Kraft upon his own motion and later granted summary judgment in Oldcastle's favor, declaring its entitlement to the royalty payments. Mr. Kraft now appeals the summary judgment order even though he was not a party when it was issued. We dismiss this action for lack of standing.

**Background**

Back in 1999, ABS agreed to pay royalties to Kraft LP for aggregate (a type of coarse particulate material) mined in a New Mexico quarry. In May 2015, CalMat succeeded to ABS's interests and took over the royalty payments to Kraft LP, making the payments to "Kraft Americas." Within a few months, a disagreement ensued as to the proper recipient of those payments, stemming from a 3.8-million-dollar default judgment against Kraft LP and Rune Kraft and a subsequent garnishment.

The Employee Stock Ownership Plan for Inland Concrete Enterprises, Inc. ("Inland Concrete") obtained the default judgment in 2011 in the U.S. District Court for the Central District of California. Inland Concrete tried to collect the judgment in

2

July 2015 by filing a Certification of Judgment for Registration in Another District in the U.S. District Court for the District of New Mexico. It then assigned its rights in the default judgment to Oldcastle, which successfully applied for a writ of garnishment. In August 2015, the district court issued the writ, naming CalMat as the garnishee and Kraft LP as the judgment debtor.

CalMat's successor, Vulcan Materials Company, informed Kraft LP of the garnishment. But Kraft LP took the position that it had assigned its interest in the royalties to KAHI days after entering the agreement with ABS, making KAHI the sole beneficiary; and because KAHI is not a judgment debtor with respect to the default judgment, CalMat cannot garnish the royalty payments. Oldcastle, in turn, responded that the purported assignment was fraudulent and invalid and that KAHI and Kraft LP are a single entity owned and managed by Rune Kraft; therefore, the payments are still subject to garnishment.

CalMat agreed it owed the royalty payments but took no position on the rightful recipient. In January 2016, it filed this interpleader action to avoid incurring additional liability through an erroneous distribution. The district court stayed the garnishment proceeding pending resolution of the interpleader action.

Despite obvious overlaps in addresses, registered agents, and dates and states of incorporation, Mr. Kraft immediately tried to disassociate himself and Kraft LP from KAHI to spare KAHI from liability for the default judgment underlying the writ of garnishment. In April 2016, he filed a motion to dismiss, which challenged the default judgment obtained by Inland Concrete as arising from a fraud on the court,

3

R., Vol. I at 150, and asserted that the interpleader complaint "lacks any legal and factual basis to proceed," *id.* at 151. Within that motion, he disclaimed any interest in the royalty payments when he stated that "[n]either Rune Kraft nor [Kraft LP] has any assets or income in the State of New Mexico." *Id.* Oldcastle opposed the motion, but CalMat agreed to dismiss Mr. Kraft individually because "he ha[d] made no claims to an interest in either the underlying contract or [the] proceeds," *id.* at 255. The district court granted the motion and dismissed the claims against Mr. Kraft with prejudice. To the extent he also sought the dismissal of Kraft LP, the district court disregarded his arguments, noting that the Local Rules require a corporation, partnership, or business entity to be represented by an authorized attorney, which Mr. Kraft is not. *See* D.N.M.LR-Civ. 83.7.

Although he was no longer a party and the district court had instructed him not to file further pleadings on behalf of the Kraft entities, Mr. Kraft flooded the court with filings that continued to challenge the default judgment while accusing the other parties of misconduct; those filings engendered responses, replies, surreplies, and even replies to surreplies. He also purported to represent KAHI as its authorized officer. The district court advised Mr. Kraft that he had no basis for further participation in any capacity and warned him that continued filings on behalf of an entity would result in sanctions.[1] It also entered an adverse judgment against both

---

[1] We note that Mr. Kraft violated the district court's order by filing a pleading on KAHI's behalf within a matter of days. The district court later imposed filing restrictions on him.

Kraft LP and KAHI and dismissed them from the case for failure to retain counsel. As a result, Oldcastle was the sole remaining defendant.

The threat of sanctions did not stop Mr. Kraft. Disregarding KAHI's own dismissal, he advised the district court that KAHI had transferred its interest in the royalty payments to him and moved to be added as a defendant. The district court construed his motion as one for joinder under Federal Rule of Civil Procedure 25(c) and denied it, concluding that (1) Mr. Kraft's further participation in the case would be disruptive because of his repeated failure to follow its rules and orders; (2) because KAHI had no interest in the royalty payments due to its default, it could not transfer any interest to Mr. Kraft; and (3) Mr. Kraft's request for joinder was an impermissible attempt to circumvent the rule prohibiting a corporation from litigating without an authorized attorney. Still, Mr. Kraft continued to pepper the district court with accusatory filings and even sought leave to file *amicus curiae* briefs.

The district court ultimately granted summary judgment in Oldcastle's favor, declaring it to be the proper recipient of the royalty payments at the center of the interpleader action. It also imposed sanctions on Mr. Kraft. Mr. Kraft filed a host of post-judgment motions for reconsideration of the merits, the sanctions, and the filing restrictions. And while those motions remained pending, he filed this appeal, which was abated pending final adjudication of the motions. The district court denied all post-judgment motions.

**Analysis**

Mr. Kraft's appellate briefs are broad in scope. However, "[t]his court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016).

The notice of appeal filed by Mr. Kraft encompasses the summary judgment order in favor of Oldcastle but not the district court's rulings on Mr. Kraft's various post-judgment motions. Those motions were still pending when the notice of appeal was filed, and Mr. Kraft did not file a new appeal, an amended notice of appeal, or the functional equivalent of a notice of appeal[2] after the district court resolved them. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (providing that a party must file a new appeal or an amended notice of appeal after the district court resolves post-judgment motions in order to challenge those rulings); *see also Smith v. Barry*, 502 U.S. 244, 247-48 (1992) (allowing a party to file the functional equivalent of a notice of appeal in either this court or the district court).

Thus, only the summary judgment order is properly before us. Yet it is clear from the language of that order that Mr. Kraft was a nonparty when it was issued. *See, e.g.*, R., Vol. III at 47 (referring to Oldcastle as "the remaining Defendant in this interpleader case"); *see also id.* ("Rune Kraft actually sought to be dismissed from

---

[2] The only document Mr. Kraft filed within the time to appeal the last post-judgment order was a motion to continue the abatement, which was filed in this court on July 9, 2018. We construed that motion as seeking an extension of time to file the opening brief and granted it. Nothing in its contents allows us to further construe it as a notice of appeal of the post-judgment orders.

the case and was dismissed from the case because he did not have an interest in the royalty proceeds at that time."). The district court also discussed the effect of Mr. Kraft's nonparty status in another order issued on the same day: "Because Rune Kraft is no longer a party to this lawsuit, he may not continue to participate in the litigation of the merits of this lawsuit. . . . Rune Kraft does not have an interest which is before the Court." *Id.* at 30.

Generally, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011) (internal quotation marks omitted); *see also Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (describing this rule as "well settled"). Only in the "most extraordinary circumstances" will a nonparty have standing to appeal. *Hutchinson v. Pfeil*, 211 F.3d 515, 518 (10th Cir. 2000) (internal quotation marks omitted). Based on our careful consideration of the parties' briefs and the record, we conclude such "extraordinary circumstances" do not exist here. Mr. Kraft was dismissed from the interpleader case on his own motion, after he renounced and disclaimed any interest in the royalty payments. Although he continued to file pleadings, he did so contrary to the district court's instructions and was appropriately sanctioned for his actions. As a nonparty, Mr. Kraft has no standing to appeal the district court's summary judgment order in Oldcastle's favor.

**Conclusion**

Because Mr. Kraft has no appellate standing, we need not reach the merits of his arguments. This appeal is dismissed.

Entered for the Court


Allison H. Eid
Circuit Judge